QINSONG ZHANG, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto Gonzales, * Respondents.

No. 04–2574–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Melaine A. Williams, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner QinSong Zhang ("Zhang") petitions for review of the April 20, 2004 order of the BIA affirming the decision of an immigration judge ("IJ") ordering his removal to China and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. Attorney Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Although some of the implausibilities and inconsistencies found by the IJ are questionable, this Court cannot conclude that "a reasonable adjudicator [would be] compelled to find otherwise" on the specific ground listed by the BIA in affirming the IJ. *Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005); *see INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (noting that the mere plausibility of a different conclusion is not sufficient to justify reversal of a BIA or IJ decision, rather, this Court "must find that the evidence not only *supports* th[e] conclusion [that the applicant is eligible for asylum], but *compels* it."). The BIA noted that petitioner had failed to address or adequately explain his inconsistent testimony concerning the period of time during which he allegedly went into hiding. This inconsistency supported the IJ's adverse credibility determination because it involved "the heart of the asylum claim," *see Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003) (citing *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002)), and was not a "minor and isolated" disparity. *Id.* (citing *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir. 2000)).

The adverse credibility finding supported both the denial of asylum and withholding of removal. *See Zhou Yun Zhang,* 386 F.3d at 71. It also supported a denial of CAT relief because Zhang failed to establish a fact that "formed the only potentially valid basis" for his claim. *See Xue Hong Yang v. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For these reasons, the petition for review is DENIED.